IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| CAROLYNN CLEMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHECKREDI OF KENTUCKY, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, CAROLYNN CLEMONS, by and through her attorneys, Salyer Law Office, PLLC, and for her Complaint against the defendant, CHECKREDI OF KENTUCKY, LLC, the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. CAROLYNN CLEMONS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Knoxville, County of Knox, State of Tennessee.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to various gas stations located in West Knoxville (hereinafter, "the Debt").

6. The Debt was incurred for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. CHECKREDI OF KENTUCKY, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Tennessee.  Defendant's principal place of business is located in the State of Kentucky.  Defendant is registered as a limited liability company in the State of Kentucky.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.  ALLEGATIONS

14. On or about February 19, 2015, Plaintiff received a telephone call from a duly authorized representative of Defendant, who stated that they were calling to collect the Debt from Plaintiff.

15. During the course of the aforesaid telephone call between Defendant and Plaintiff, Defendant stated that Plaintiff owed a debt resulting from her writing of three bad checks from a BB&T checking account to gas stations in West Knoxville; Defendant informed Plaintiff that the balance on the Debt was $224.18

16. Defendant's representations, as delineated above, were false, deceptive and misleading given that Plaintiff did not owe the Debt and had not written the "bad checks" as claimed by Defendant.

17. Defendant's representations, as delineated above, misrepresented the character, amount, and/or legal status of the Debt given that Plaintiff did not owe the Debt and had not written the "bad checks" as claimed by Defendant.

18. Plaintiff informed Defendant that she had not had a BB&T checking account for many years and that she did not owe the Debt.

19. Defendant responded by stating that the only way that Plaintiff could get out of paying the Debt was by filing a police report.

20. The aforementioned statement by Defendant, that the only way that Plaintiff could get out of paying the Debt was by filing a police report, was false, deceptive and misleading as Plaintiff had the right to dispute the Debt with Defendant and seek validation of the Debt.

21. Defendant did not inform Plaintiff of her right to dispute the validity of the Debt and that if she did not dispute the validity of the Debt it would be assumed to be valid by Defendant.

22. Plaintiff reiterated to Defendant that she did not owe the Debt and requested that Defendant send her information to substantiate the Debt.

23. Defendant faxed to Plaintiff correspondence with information regarding the putative debt allegedly owed by Plaintiff. The correspondence faxed to Plaintiff contained debtor information that did not match Plaintiff's name, address, drivers' license number or cellular telephone number.

24. Upon information and belief, Defendant had poorly conducted a skip trace to find Plaintiff's contact telephone number and proceeded to attempt to collect the Debt from Plaintiff because she has a similar name to that of the true debtor.

25. During the course of its communications with Plaintiff, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

26. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the Debt, with written confirmation of the amount of the Debt, the name of the creditor to whom the Debt is owed or a statement that unless the

consumer, within thirty days after receipt of the notice, disputes the validity of the Debt, or any portion thereof, the Debt will be assumed to be valid by the debt collector.

27. In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   d. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

   e. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

   f. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

   g. Contradicted, overshadowed and obscured the required validation/verification language required by §1692g(a) of the FDCPA by extraneous language contained in the aforementioned Letter;

   h. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

28. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

29. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CAROLYNN CLEMONS, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**CAROLYNN CLEMONS**

By:   s/ Kolbe A. Page
      Attorney for Plaintiff

Dated: November 18, 2015

Kolbe A. Page (Atty. No.: 96111)
Salyer Law Office, PLLC
PO Box 2213
Paintsville, KY 41240
Telephone: (606) 789-1135
Facsimile: (888) 751-8828
E-Mail: kolbe.page@salyerlaw.com